1  JENNIFER LEE TAYLOR (CA SBN 161368)
   JTaylor@mofo.com
2  COLETTE R. VERKUIL (CA SBN 263630)
   CVerkuil@mofo.com
3  WHITNEY E. MCCOLLUM (CA SBN 253039)
   WMcCollum@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Plaintiff
   UBIQUITI NETWORKS, INC.
8

9                UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     OAKLAND DIVISION

12

13 UBIQUITI NETWORKS, INC., a Delaware      Case No.   12-cv-2582-CW
   corporation,
14                                          **UBIQUITI NETWORKS, INC.'S
                    Plaintiff,              MOTION TO EXPEDITE
15                                          DISCOVERY**
        v.
16                                          Courtroom: 2, 4th Floor
   KOZUMI USA CORP., a Florida corporation; Judge:     Hon. Claudia Wilken
17 SHAO WEI HSU; LILIA KUNG; DOES ONE       Date:      August 9, 2012
   THROUGH ONE HUNDRED,                     Time:      2:00 p.m.
18
                    Defendants.             Complaint filed on May 18, 2012
19

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 9 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Claudia Wilken at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA, Plaintiff Ubiquiti Networks, Inc. shall and hereby does move the Court, pursuant to Civil Local Rules 7-2 to expedite discovery for the limited purpose of issuing a third-party subpoena.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Whitney E. McCollum; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: July 3, 2012

JENNIFER LEE TAYLOR
COLETTE R. VERKUIL
WHITNEY E. MCCOLLUM
MORRISON & FOERSTER LLP

By: /s/ Jennifer Lee Taylor
        JENNIFER LEE TAYLOR

Attorneys for Plaintiff
UBIQUITI NETWORKS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Ubiquiti Networks, Inc. ("Ubiquiti") moves this Court to allow Ubiquiti to take limited expedited discovery of third-party Google, Inc. ("Google") regarding the identifiable information of individuals who have sent threatening emails and posted false videos from Google accounts directed at either Ubiquiti and its Chief Executive Officer ("CEO"), Robert Pera. Threats to the company, and particularly to the CEO of a Company, as a result of pending litigation are of grave concern and can cause irreparable harm. Conversely, compliance with the narrowly tailored requests Ubiquiti seeks in this motion will not burden Defendants Kozumi USA Corp. ("Kozumi") or Shao Wei "William Wu" Hsu (collectively, "Defendants").

Accordingly, Ubiquiti requests an order allowing Ubiquiti to issue a third-party subpoena to Google to obtain identifiable information about anonymous posters of harmful information and make the documents available on an expedited basis. Such an order will allow Ubiquiti to confirm Defendants' involvement with the postings, and will allow Ubiquiti to provide information to the proper authorities so that they can take steps to stop the threats. Although Defendants have consistently claimed that they have had nothing to do with the threatening and accusatory posts and e-mails, Defendants confirmed over the weekend that the latest of the e-mails was sent by Kenny Deng, the owner of the Hoky factory where Defendants' counterfeit goods have been manufactured.

## FACTUAL BACKGROUND

On April 26, 2012, an email was sent by a person using the moniker "Ivan Mikhailov" and the email address lvan.mikhailov99@gmail.com to over 200 Ubiquiti distributors and resellers with a false story about Ubiquiti, including false accusations that Ubiquiti sent the Chinese mafia to factories in China in order "intimidate, harass and threatening [sic]" competing companies. (McCollum Decl., Ex. A.)

In response to a story published to Forbes.com on May 2, 2012, about the allegations that Ubiquiti works with the Chinese mafia, a person with the user name Chen Junie posted a comment that stated that the allegations were "true news" and "[f]or more information contact:leo.lark69@gmail.com." (McCollum Decl., Ex. B.)

1    Then, on May 3, 2012, a user under the name Leo Zhou posted a video to YouTube.com

2  titled "Public listed Ubiquiti Networks CEO Robert Pera under investigation by China

3  authorities." (McCollum Decl., Ex. C.) A link to the YouTube.com video was also posted by

4  "Chen Junie" in the comments section of the May 2, 2012 Forbes.com article. (*Id.* Ex. B.) The

5  video has since been removed due to copyright violations. (*Id.* ¶ C.)

6    On May 7, 2012, Defendant Hsu sent an sent an email to a former Ubiquiti distributor in

7  an attempt to join forces in "[f]ighting Robert." Hsu brags that in response to his release of a

8  video to the Chinese TV news showing the Chinese mafia "destroying our factory," "Ubiquiti

9  stock fell from $35.99 to $26 in 3 days. They lost around USD 800 million market cap in 3 days.

10  *And this is not over*." (McCollum Decl., Ex. D (emphasis added).)

11    Most recently and most shockingly, on June 28, 2012, Ubiquiti's CEO received an email

12  from a person identified as "Jarry Chu" using the email address jarrychu@gmail.com.

13  (McCollum Decl., Ex. E.) The email says: "**Everything should end, if you continue to use such**

14  **despicable and illegal means, I will make you regret it!**" (*Id.*)

15    Although Defendants have denied having anything to do with the April 26, May 2, and

16  May 3, 2012 e-mails and postings (McCollum Decl., Ex. G.), based upon Defendant Hsu's claim

17  that "this is not over" (McCollum Decl., Ex. D.) Ubiquiti believes that all of these e-mails and

18  postings were done by Defendants or someone acting in concert with them. Accordingly, when

19  Ubiquiti received the June 28, 2012 e-mail, Ubiquiti immediately contacted counsel for Hsu and

20  Kozumi seeking consent to a stipulation permitting Ubiquiti to serve a subpoena on Google

21  regarding each of the above postings and e-mails. (McCollum Decl., Ex. F.)

22    Defense counsel responded the next day with yet another claim that Ubiquiti was throwing

23  around baseless accusations against his clients:

24-26  
> I don't want to come across as indelicate, but from Internet postings, blogs, etc., that I have seen since undertaking this matter, it looks like Mr. Pera has angered a variety of people in his business dealings, and I don't see anything that would relate in any way the e-mail you sent with this case.

27  (McCollum Decl., Ex. G.)

28    Subsequently, he confirmed that Kenny Deng (Defendant Hsu's partner and the owner of

MOTION TO EXPEDITE DISCOVERY  
Case No. 12-cv-2582-CW  
sf-3165285

3

the closed Hoky counterfeiting factory) was responsible for the e-mail—but suggested that it was merely an expression of his "frustration" about the court actions that Ubiquiti has filed in China and the U.S. to stop the counterfeiting of Ubiquiti products. (McCollum Decl., Ex. I.) Suggesting that there is nothing out of the ordinary with a party making threats against another party involved in litigation, defense counsel stated that Deng's reasons for sending the e-mail were consistent with counsel's "prior observation that Mr. Pera has angered other people in his business dealings." (*Id.*) In fact, there is no justification for anyone who is a party to litigation to send threatening e-mails to an officer of another party to a litigation, for any reason.

Thus, contrary to Defendants' first assertion, the e-mail is directed related to this case. In serving a subpoena on Google prior to the opening of discovery, Ubiquiti seeks to confirm Hsu's claim that Deng was behind the e-mail, and to gather similar information about the sources of the other threatening accusatory e-mails and postings that have occurred since late April. Even if it turns out that Defendants are not behind any of the emails or postings, the threats and accusations appear to be in response to this litigation and Ubiquiti's efforts to protect its intellectual property. For safety reasons, it is critical that Ubiquiti be able to determine the source of the emails and postings.

Counsel for Ubiquiti met and conferred with counsel for Defendants through a letter dated June 30, 2012 and various emails asking Defendants to stipulate to Ubiquiti's service of a subpoena on Google seeking information associated with the emails and postings described above. (McCollum Decl., Exs. F, H, K, M-N) Counsel has refused to stipulate to service of a subpoena that sought information about anything other than the latest e-mail with the email account jarrychu@gmail.com, claiming that there was no urgency to discovery on the postings and e-mail from late April and May. (McCollum Decl., Ex. J, L.) Ubiquiti disagrees. Moreover, because Google is a third-party to this litigation, Ubiquiti believes that it is appropriate to serve a single broader subpoena on Google at this point, rather than serve a subpoena related to a single e-mail now, and serve an additional subpoena related to the additional postings and e-mails when discovery opens in two months. Ubiquiti has explained these issues to Defendants, but they have not consented to the service of the subpoena on Google. (McCollum Decl., Ex. M.)

**ARGUMENT**

Personal threats against a CEO in response to a lawsuit are entirely inappropriate. In order to quickly put a stop to the ever-increasing threats against the company and now, its CEO, Ubiquiti's request for expedited discovery on a very limited basis should be granted. Federal Rule of Civil Procedure 26(d) provides that early discovery may be permitted by court order, and "[i]n the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. 09-cv-05812, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) (internal citation omitted); *see also Hard Drive Prods., Inc. v. Does 1-118*, No. 11-cv-1567, 2011 WL 1431612, at *2 (N.D. Cal. April 14, 2011) (same).

Good cause exists when the need for expedited discovery "outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Zynga Game Network Inc. v. Williams*, No. 10-cv-1022, 2010 WL 2077191, at *2 (N.D. Cal. May 20, 2010). Factors to consider in determining good cause include (1) the purpose of the requested early discovery; (2) whether the discovery requests are narrowly tailored; (3) whether the discovery burdens the defendants; (4) whether the defendants are able to respond to the requests in an expedited manner; and (5) how far in advance of the formal start of discovery the request is made. *Semitool,* 208 F.R.D. at 276-77.

**Purpose of Early Discovery.** Ubiquiti makes its request for this early discovery to protect itself and its CEO and to avoid further unnecessary harm to Ubiquiti's reputation. Without an order permitting expedited discovery, Ubiquiti would be required to wait weeks while whoever is behind the threats and rumors is able to continue, under the veil of anonymity, to threaten Mr. Pera and to spread malicious rumors about the company. The rumors concerning the company's association with the mafia have already appeared on financial websites, impacting the share price. (McCollum Decl., Ex. B.) The discovery that Ubiquiti requests, as in *Semitool*, is information that "w[ould] be produced in the normal course of discovery." *Semitool,* 208 F.R.D. at 276. Ubiquiti intends to explore through discovery whether, Defendant Hsu or his associates have been posting negative, false rumors concerning Mr. Pera and Ubiquiti to websites in

1 response to Ubiquiti's efforts to protect its intellectual property. This information is directly
2 related to the libel claim asserted in this action. (Dkt. 1, Complaint at p. 35.) This motion
3 represents Ubiquiti's opportunity to maintain the status quo and ensure that no more malicious
4 rumors are spread to damage the business and that no more threats are made to Mr. Pera.

**The Discovery Is Narrowly Tailored.** Ubiquiti requests expedited production of a very limited set of documents—those related to the identities of the owners of three email accounts and those related to the identity of the person that posted a damaging video. There can be no question that these requests are narrowly tailored to issues related to this litigation—the counterfeiting ring operating in opposition to Ubiquiti's products and Ubiquiti's libel claim against Defendants.

**Defendants Are Not Burdened By The Requests.** Defendants will not be burdened by the early production of discovery because discovery is requested only from a third party. This factor weighs in favor of permitted expedited discovery.

**Google Will Be Able to Respond to the Requests.** There is no reason Google should not be able to respond to the subpoena if it is issued now instead of during formal discovery. In contrast, if Ubiquiti follows Defendants wishes, Google would be burdened with two separate subpoenas, one now for the limited information associated with the jarrychu@gmail.com account, and another when discovery formally opens for the remaining information. Accordingly, because of the burden on Google in having to respond to two separate subpoenas, this factor weighs in favor of expedited discovery. *See, e.g.*, *Interserve,* 2010 WL 143665, at *2 (permitting expedited discovery because "the administration of justice outweigh[ed] the prejudice to the responding party," including any "logistical inconvenience").

**The Start of Discovery Is Not Far Off.** The 26(f) conference, which starts the discovery process, is currently set for August 29, 2012—less than two months away. Therefore, it would not be particularly unreasonable for the Court to allow discovery to issue on this limited matter less than two months before formal discovery begins. It is critical that Ubiquiti learn the identity of the person or persons who continue to issue ever-more-serious threats against the company and its CEO so that appropriate action can be taken.

Because there is so much at stake for Ubiquiti, and there is no real burden on Defendants,

Ubiquiti's motion for expedited discovery for the limited purpose of serving a subpoena on Google should be granted.

## CONCLUSION

For the foregoing reasons, Ubiquiti respectfully requests that the Court order expedited discovery prior to the Rule 26(f) conference in order to allow Ubiquiti to issue a third-party subpoena to Google.

Dated: July 3, 2012

JENNIFER LEE TAYLOR
COLETTE R. VERKUIL
WHITNEY E. MCCOLLUM
MORRISON & FOERSTER LLP

By: /s/ Jennifer Lee Taylor
      JENNIFER LEE TAYLOR

Attorneys for Plaintiff
UBIQUITI NETWORKS, INC.