SEDGWICK LLP
ROBERT HARKINS (State Bar No.179525)
robert.harkins@sedgwicklaw.com
JIA-MING SHANG (State Bar No. 233326)
jiaming.shang@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendants KOZUMI USA CORP. and WILLIAM HSU WU (erroneously sued as SHAO WEI HSU)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBIQUITI NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KOZUMI USA CORP., a Florida corporation; SHAO WEI HSU; LILIA KUNG; DOES ONE THROUGH ONE HUNDRED,<br><br>Defendants. | Case No. CV 12-2582 CW<br><br>**DEFENDANTS' OPPOSITION TO UBIQUITI'S MOTION TO SHORTEN TIME TO HEAR MOTION TO EXPEDITE DISCOVERY** |

## I. INTRODUCTION

At 6:41 p.m. in the evening before Independence Day, Plaintiff Ubiquiti Networks, Inc. ("UBNT") filed a motion [Doc. 54] seeking shortened briefing on a separate motion to take expedited discovery from Google, submitted the same day. UBNT's underlying motion to expedite discovery and supporting declaration with exhibits totaled 80 pages. [Docs. 52 and 53]. By this motion, UBNT asks that Defendants be given just two business days, to July 6, 2012, to gather evidence, research law, read and evaluate UBNT's case citations, prepare declarations and draft a brief opposing UBNT's 80-page filing.

The alleged urgency for hearing the motion to expedite discovery on shortened time is based ***entirely*** on what UBNT calls a threatening email from "jarrychu@gmail.com" received on June 28, 2012 by UBNT's CEO (hereafter, the "jarrychu" email). By the end of this brief, the Court will see that the so-called threatening "jarrychu" email is being used as a pretext by UBNT to obtain discovery on two ***other*** email addresses (ivan.mikhailov99@gmail.com and leo.lark69@gmail.com) and on a Youtube video, none of are threatening. UBNT itself perceives no urgency from the "jarrychu" email because it has ***turned down*** Defendants' agreement for a stipulation permitting a subpoena to be served on Google seeking information for the name, contact information, geographic location, and IP address of jarrychu@gmail.com. UBNT turned down this agreement because it did not want to proceed with discovery unless it captured the other "non-threatening" email addresses.

The instant motion to shorten time should be denied outright. The proposed date for Defendants' opposition to the underlying motion, July 6, is before even the deadline to oppose the instant motion to shorten time.[1] More importantly, there has been no showing of urgency required for shortening time because Defendants have already agreed to allow discovery on the allegedly threatening "jarrychu" email, but refused to stipulate to wide-ranging discovery of two other email addresses and a Youtube video that are not threatening or alleged to be threatening. UBNT does not even argue in the instant motion that there is urgent need for discovery of the

[1] Under Local Rule 6-3(c), Defendants have until July 9, 2012 to oppose this motion to shorten time.



Sedgwick LLP

other, non-threatening email addresses.

## II. RELEVANT FACTS

The "jarrychu" email, with complete sender/recipient information, reads:

> From: chu jarry <jarrychu@gmail.com>
> Subject: Everything should end.
> Date: June 28, 2012 9:34:56 AM PDT
> To: robert@ubnt.com
>
> Robert,
> Everything should end, if you continue to use such despicable and illegal means, I will make you regret it!

McCollum Decl. [Doc. 53] Ex. E.

Reactions by most people to this run-on sentence of an email would range from apathy to confusion. For the CEO of a $1.3 billion publically traded company rumored to have ties to organized crime, it apparently triggered a fight or flight response, prompting UBNT to loose its legal hounds. Accordingly, on June 30, 2012, UBNT counsel requested stipulation to serve a subpoena on Google two months earlier than permitted by Rule 26. McCollum Decl. [Doc. 7] Ex. F. Her letter accused Mr. Wu of authoring the "jarrychu" email and gave various reasons for taking discovery identifying the sender of the email, including that information produced pursuant to subpoena would exonerate Mr. Wu if he truly was uninvolved. *Id*.

Mr. Wu had no involvement in the email. In fact, after inquiry, Mr. Wu learned that Kenny Deng, the owner of the Hoky factory in China, had authored the email. Mr. Deng said that he was indifferent if UBNT learned of his role in the "jarrychu" email so Mr. Wu, through counsel, informed UBNT on July 2, 2012 of his findings and agreed that a subpoena could issue to Google in order to confirm Mr. Deng's role (and Mr. Wu's innocence) in the "jarrychu" affair. Defense counsel's agreement on July 2, 2012 for a subpoena read in relevant part:

> Mr. Wu did not author the e-mail nor have anything to do with it. ***On his own suspicion, after receiving a copy of your June 30 message and the jarrychu e-mail, Mr. Wu contacted Mr. Deng of Hoky. It appears that Mr. Deng sent the e-mail to Mr. Pera****….****My clients have no objection to UBNT serving a subpoena to Google in order to confirm the origin <u>of the email</u>.***



Sedgwick LLP

McCollum Decl. [Doc. 53], Ex. I.[2]

UBNT then pulled a bait-and-switch, forwarding a stipulation and proposed subpoena to Google that barely had anything to do with the "jarrychu" email. Of the 18 categories of documents in its proposed subpoena, only five related to "jarrychu." *See* McCollum Decl. [Doc. 53] Ex. N. Departing from its theme of urgency, the remaining 13 categories requested other items created before the complaint was filed, such as:

- Account information about "lvan.mikhailov99@gmail.com ***from December 1, 2011 to the present***..."
- "Documents sufficient to show the Internet Protocol address associated with the person who sent an email ***on April 26, 2012*** at 1:23 PM from electronic mail address lvan.mikhailov99@gmail.com."
- "Documents sufficient to show all subscriber information associated with the electronic mail address leo.lark69@gmail.com ***from December 1, 2011 to the present***…"
- "Documents sufficient to show all subscriber information associated with the username "Leo Zhou" who posted a YouTube video…***on May 3, 2012***."
- "Documents sufficient to show all Internet Protocol addresses accessing the YouTube account using user name Leo Zhou ***from December 1, 2011 to the present***."

*Id.*

Consistent with the letter of July 2, 2012, defense counsel revised the stipulation to permit for discovery of identity, IP address, and geographic location of "jarrychu@gmail.com," but excised anything unrelated to the allegedly threatening June 28, 2012 email that started this whole affair. Accompanying the revised stipulation was a note from defense counsel explaining the edits:

> Attached are our redlined edits to the stipulation you sent this morning. ***UBNT's request for expedited discovery was based on receipt of a June 28, 2012 "threatening email" from jarrychu@gmail.com. We agreed to limited, expedited discovery of the origins and sender of this email in order to provide assurance that Mr. Wu had no role in its creation or sending.*** Jennifer's email of July 1, 2012 seeking stipulation for a subpoena on Google was focused on just the jarrychu@gmail.com email and its alleged threatening nature:
>
> * * * *
>
> ***Based on these communications and Jennifer's request for courtesy to "get to***

[2] UBNT did not attach this letter to its motion to shorten time, electing instead to bury it in the middle of defense counsel's declaration supporting the underlying motion.

> ***the bottom of the threatening emails as soon as possible," our letter of July 3, 2012 agreed to discovery of just the email***: "My clients have no objection to UBNT serving a subpoena to Google in order to confirm the origin of the email. Our agreement to this subpoena is limited to this single instance…"

Holburt Decl. [Doc. 55] Ex. A.

UBNT protested that its original letter of June 30, 2012 had made passing reference to the Youtube video and other email addresses in the subpoena, but never explained why expedited discovery was needed or proper when those months-old emails and videos were not threatening, or alleged to be threatening. Instead, UBNT immediately threatened motion on shortened time. *Id*. Defense counsel made a final appeal for reason:

> ***<u>You are addressing two different issues.</u> One is the jerrychu gmail email, which was just received and you believe warrants expedited discovery. I told you we would not oppose that***.
>
> Second, you have asked for expedited discovery about other matters that happened over half a year ago. While we would not oppose a subpoena under normal timing, there is no reason for that to be expedited when discovery has not begun in the case.
>
> ***If you are willing to issue the subpoena for what you indicated was an emergency, we will agree. If you insist on expanding the discovery to old, non-emergency items, we will not agree***, and we will not agree to an expedited briefing schedule for those old items.

Holburt Decl. [Doc. 55] Ex. B.

No explanation has ever been provided as to the urgency of obtaining account information of lvan.mikhailov99@gmail.com, leo.lark69@gmail.com, or Leo Zhou's Youtube account.

## III. <u>UBNT DOES NOT PROVIDE GOOD CAUSE FOR SHORTENING TIME</u>

Defendants agree that a motion may be heard on shortened time where substantial harm or prejudice would result if heard on normal time. Local Rule 6-3(a)(3). The problem here is that UBNT has not shown any resulting harm or prejudice from the disputed discovery. A distinction must be drawn between the allegedly threatening "jarrychu" email and the other, non-threatening email addresses UBNT seeks discovery for. The "jarrychu" email is not at issue here. Defendants have already said that they will not oppose a subpoena to Google relating to that account (although, notably, since Defendants have already provided UBNT the information

it would receive from a subpoena anyway, there is no emergency there, either).

To prevail on this motion then, UBNT must show good cause or urgency for shortening time on a motion to expedite discovery to Google on the non-threatening, months-old emails and videos discussed above. UBNT has not and cannot do so. The ***only*** reference in UBNT's motion to the other emails and Youtube videos is a statement that UBNT needs discovery to "ascertain the identities of individual owners of e-mail accounts that … posted false videos targeting or concerning Ubiquiti and its [CEO]." [Doc. 54, p. 1, lines 15-26]. UBNT's never develops that statement by explaining what harm could result to UBNT by hearing the motion on normal briefing schedule.[3] Instead, it tries to muddy the waters by conflating "lvan.mikhailov99," "leo.lark69," and "Leo Zhou" with "jarrychu" and imputing the alleged harm from the "jarrychu" email to justify discovery of other, non-threatening emails and videos. Guilt by association does not work any better with email addresses than it does with people in the real world. UBNT has not made even a half-hearted showing of the good cause needed to short-circuiting the normal briefing schedule.

## IV. CONCLUSION

For the foregoing reasons, Defendants request that UBNT's motion to shorten time [Doc. 54] be denied in its entirety and the motion heard on normal briefing schedule. If the Court is inclined to shorten time at all, Defendants request that their opposition to the underlying motion to expedite discovery be due no earlier than July 13, 2012, with the hearing to be set at the Court's convenience. UBNT's motion indicates that it waives reply.

DATED: July 5, 2012

SEDGWICK LLP

By: */s/ Robert Harkins*____________
Robert Harkins
Attorneys for Defendants

[3] Indeed, the video that UBNT is so concerned about is not even on Youtube. When defense counsel attempted access on July 4, 2012 at 4:30 p.m., Youtube displayed the following message: "This video is no longer available due to a copyright claim by Shenzhen Media Group (SMG). Sorry about that." *See* http://www.youtube.com/watch?v=kBaescDB998