**United States District Court**

1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5   UBIQUITI NETWORKS, INC.,
                                              No. C 12-2582 CW
6            Plaintiff,
                                              ORDER GRANTING
7        v.                                   MOTION FOR
                                              PRELIMINARY
8   KOZUMI USA CORP., et al.                  INJUNCTION

9            Defendants.

10  _____/

11

12       On June 20, 2012, the Court issued an Order Granting, In

13  Part, Ubiquiti's Application for a Temporary Restraining Order

14  (TRO) against Defendants Kozumi USA Corporation and William Hsu

15  Wu[1] upon its claims for trademark infringement under the Lanham

16  Act and ordered that Defendants show cause as to why a preliminary

17  injunction should not issue on the same terms as the TRO.[2]

18  Defendants have filed a response to the Court's order to show

19  cause (OSC), and Ubiquiti has filed an opposition to the response.

20  Defendants have filed evidentiary objections to some of Ubiquiti's

21  evidence.  A hearing was held on July 5, 2012.  After considering

22  oral argument and all papers filed by the parties, the Court

23  overrules Defendants' evidentiary objections, issues a preliminary

24  _____

25       [1] The individual Defendant named in Ubiquiti's complaint as
    Shao Wei Hsu indicates that his official name is William Hsu Wu.

26
         [2] The TRO did not issue against the third Defendant, Lilia
27  Kung.  On June 27, 2012, Plaintiffs voluntarily dismissed all
    claims against Ms. Kung.
28

injunction on the same terms as the TRO, and freezes all of
Defendants' real estate assets located in the United States.

BACKGROUND

The facts of this case are detailed in the Court's June 20,
2012 Order.  In the June 20 Order, the Court granted Defendants
leave to submit a brief in opposition to the issuance of a
preliminary injunction containing any facts or law that they were
unable to include in their brief opposing the TRO.  In their
brief, Defendants indicate that they do not take issue with the
overall scope of the TRO because they are not engaging in any of
the activities which are forbidden by the Court.  However, they
argue that the TRO is overbroad in that it bars Defendants from
using Ubiquiti's trademarks "in any manner."  They argue that they
should be allowed to use Ubiquiti's trademarks in comparative
advertising for their own products because use of another's
trademark for comparative advertising purposes is not actionable
under the Lantham Act.  Defendants also reiterate their previous
arguments that they are not subject to personal jurisdiction in
this forum and that Ubiquiti has failed to link any alleged
damages to Defendants.[3]  Ubiquiti counters each of Defendants'
arguments and reiterates its request for a freeze on Defendants'
assets on the basis of new evidence that shows that Defendants may
be fraudulently transferring their assets.

---

[3] Defendants have filed a separate motion to dismiss based on
lack of personal jurisdiction that is set to be heard on August 2,
2012.

United States District Court

LEGAL STANDARD

For a preliminary injunction to issue, a plaintiff "must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 20 (2008); <u>Amylin Pharmaceuticals, Inc. v. Eli Lilly and Co.</u>, 456 F. App'x. 676, 678 (9th Cir. 2011).

DISCUSSION

I. Comparative Advertising Exception

Ubiquiti argues that Defendants should not be allowed to use Ubiquiti's trademarks in their advertising because Kozumi is a counterfeiter and any comparison with Ubiquiti's products will further confuse consumers as to which are real Ubiquiti products.

Ninth Circuit authority holds that use of another's trademark in comparative advertising is not wrongful or actionable under the Lanham Act. <u>See</u> <u>e.g.</u> <u>Cairns v. Franklin Mint Co.</u>, 292 F.3d 1139, 1151-54 (9th Cir. 2002); <u>Toyota Motor Sales, U.S.A., Inc. v. Tabari</u>, 610 F.3d 1171, 1182-83 (9th Cir. 2010). However, as noted by Ubiquiti, none of the authority submitted by Defendants involved the situation here, where the defendant advertiser was also an alleged counterfeiter. Defendants do not submit a sample advertisement to illustrate the way in which Ubiquiti's trademarks would be used. Without evidence that such advertisements would not further confuse consumers or harm Ubiquiti's trademarks or goodwill, the Court cannot permit Defendants to use Ubiquiti's trademarks in any manner other than the exceptions noted in the

TRO.  Therefore, Defendants' request for a modification of the terms of the TRO is denied.

However, in sixty days or thereafter, after meeting and conferring with Ubiquiti, Defendants may move to modify the preliminary injunction to allow comparative advertising.  In the motion, Defendants must indicate in what country the advertisement will be used, the law of that country regarding comparative advertising, an explanation of why comparative advertising is needed and a copy of an English-version of the advertisement.

II. Personal Jurisdiction

In regard to personal jurisdiction, Defendants do nothing more than note their disagreement with the Court's conclusion in the June 20, 2012 Order.  Because Defendants have filed a separate motion to dismiss based on lack of personal jurisdiction, this issue will be decided in the context of that motion.  Therefore, the Court does not change the conclusion it reached in the June 20 1012 Order, that Ubiquiti is likely to succeed in showing that Defendants are subject to personal jurisdiction in this forum.

III. Damages

In regard to damages, Defendants argue that Ubiquiti has not provided any evidence to meet its burden of connecting its alleged six million dollar loss to Kozumi and Mr. Wu's activities.  Under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008), plaintiffs seeking preliminary injunctive relief must demonstrate that irreparable injury is likely in the absence of an injunction.  Even if Ubiquiti did not allege a loss of money as a result of Defendants' alleged counterfeiting, an injunction would be appropriate because "injunctive relief is the remedy of choice

United States District Court

for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."  Century 21 Real Estate Corp. v. Sandlin 846 F.2d 1175, 1181 (9th Cir. 1988).

Ubiquiti submits emails from its distributors and articles from the financial press to show that Defendants' alleged counterfeiting and infringing acts are damaging Ubiquiti's reputation with its distributors and customers and in the financial markets in general.  This evidence more than satisfies Ubiquiti's burden to show that irreparable injury is likely in the absence of an injunction.  Therefore, Defendants' argument that the injunction should not issue because Ubiquiti has not shown the likelihood of irreparable injury is unavailing.

In summary, the Court finds that Ubiquiti has shown a likelihood of success on the merits of its Lanham Act claims and a significant threat of irreparable injury or, at least, that serious questions regarding the merits exist and the balance of the hardships tips sharply in Ubiquiti's favor.  Therefore, the Court will issue a preliminary injunction on the same terms as the TRO.  See June 20, 2012 Order (Docket no. 41).

IV. Ubiquiti's Request to Freeze Defendants' Assets

In the June 20 2012 Order, the Court denied Ubiquiti's request to freeze Defendants' assets because "Ubiquiti's evidence submitted to show that Hsu cannot be trusted to preserve his and Kozumi's assets" was questionable and, thus, freezing Defendants' assets would be too harsh a remedy and harmful to Defendants' business.  Here, Ubiquiti submits proof that, on May 25, 2012, one week after it filed its lawsuit against Defendants, Mr. Wu

United States District Court

1   executed quitclaim deeds for four of his properties to Angela

2   Kung, a resident of Brazil, and a quitclaim deed for one of his

3   properties to Cheng Hung Chen, a resident of Taiwan.  McCollum

4   Dec., Exs. D and E, quitclaim deed and legal property description

5   and deed history reports.[4]  Ubiquiti also submits a document

6   indicating that the market value of one of the properties is over

7   $364,000.  However, the quitclaim deed indicates that Mr. Wu sold

8   this property to Angela Kung for $10.00.

9       Mr. Wu explains that the five properties identified by

10  Ubiquiti were purchased by his ex-wife's family, who live in

11  Brazil, during the 2008 financial crisis in that country and, that

12  except for one property, they were held on the family's behalf by

13  the "Shao Wei Hsu Living Trust."  In March 2011, because Mr. Wu's

14  then-pending divorce from Lilia Kung would make his continued

15  management of the properties on behalf of her family awkward, Mr.

16  Wu began the process of transferring the properties to the Kung

17  family in Brazil.  Mr. Wu explains that the transactions occurred

18  in May 2011, instead of in March 2011, because his attorney was

19  ill in March and April and one of the properties experienced

20  permitting delays by the city of Miami.

21      Even considering Mr. Wu's explanation, the transfers of five

22  properties by quit claim deeds in such close proximity to the time

23  Ubiquiti filed this action, indicate that they are likely attempts

24  by Mr. Wu to transfer properties against which Ubiquiti might be

25  able to recover a judgment.  This shows that, absent a freeze of

26  _____

27      [4] The seller of most of the properties appears to be the Hsu
Shao W. Living Trust.  It appears that Mr. Wu is the trustor and

28  trustee of this trust and has control of its assets.

**United States District Court**

some of Defendants' assets, there may be no security for Ubiquiti's recovery in the event it wins a money judgment against Defendants.  The Court is mindful of Defendants' argument that they need cash flow to operate the lawful part of their business. However, real estate is not a liquid asset and, thus, may not be necessary for the operation of the business.  Therefore, the Court grants, in part, Ubiquiti's request to freeze Defendants' assets and orders that all of the real estate owned or controlled by Defendants is frozen and cannot be sold, transferred or encumbered in any manner without a stipulation from Ubiquiti or, if Ubiquiti does not so stipulate, an Order from this Court.

A preliminary injunction will issue by separate order.

Rule 65(c) of the Federal Rules of Civil Procedure requires that a party must post a bond "in such sum as the court deems proper, for the payment of such costs or damage as may be incurred or suffered by any party found wrongfully enjoined or restrained." The Court finds that a bond in the amount of $10,000 is sufficient.  Ubiquiti has previously posted a $10,000 bond, but it was limited to the temporary restraining order.  The preliminary injunction will take effect, therefore, when Ubiquiti posts or transfers a bond in the amount of $10,000 on account of the preliminary injunction.

IT IS SO ORDERED.

Dated: July 5, 2012

_____
CLAUDIA WILKEN
United States District Judge