IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBIQUITI NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KOZUMI USA CORP. and SHAO WEI HSU, <br><br> Defendants. <br> _____/ | No. C 12-2582 CW <br><br> ORDER DENYING DEFENDANTS' MOTION TO MODIFY PRELIMINARY INJUNCTION (DOCKET NO. 84) AND MOTION TO DISMISS (DOCKET NO. 40) |

Defendants Kozumi USA Corp. and William Hsu Wu[1] move to dismiss Plaintiff Ubiquiti Networks, Inc.'s claims against them for lack of personal jurisdiction. In addition, Defendants move to modify the preliminary injunction this Court issued on July 5, 2012, freezing Defendants' real estate assets. See Docket No. 61, at 2. Plaintiff opposes both motions. The motions were heard on September 27, 2012. Having considered oral argument and the papers submitted by the parties, the Court DENIES both motions. The Court's June 20, 2012 order granting in part Plaintiff's application for a temporary restraining order sets forth the relevant facts in this case. Docket No. 41, at 2-11.

I.  Motion to Dismiss

In its June 20, 2012 order, the Court made a preliminary finding that Plaintiff would likely be able to establish personal jurisdiction over Defendants in this case. Id. at 22-29.

---

[1] The individual Defendant named in Ubiquiti's complaint as Shao Wei Hsu indicates that his true name is William Hsu Wu.

Defendants have not offered any compelling reason here to disturb that initial finding. In particular, they have failed to distinguish this case from the Ninth Circuit's decision in Panavision v. Toeppen, 141 F.3d 1316, 1320-24 (9th Cir. 1998), another trademark infringement action concerning specific jurisdiction, which the Court relied upon in its previous order. The Court therefore adheres to the reasoning of its previous decision and denies Defendants' Rule 12(b)(2) motion to dismiss.

II. Motion to Modify Preliminary Injunction

Defendants contend that Plaintiff has abused this Court's July 5, 2012 preliminary injunction by using it to obtain a notice of lis pendens in a Florida court to block the transfer of several real estate properties formerly owned or controlled by Defendant Wu.[2] Specifically, they argue that because these properties no longer belong to Defendant Wu, they fall outside the scope of the asset freeze in the preliminary injunction. In their motion, Defendants ask the Court to remove the asset freeze in its entirety from the preliminary injunction or, in the alternative, to order Plaintiff to withdraw its lis pendens.

Defendants have not demonstrated here "that a significant change in facts or law warrants revision or dissolution of the injunction." Sharp v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000). They present no new information to undermine the Court's original reasons for issuing the preliminary injunction nor have

---

[2] In addition to the lis pendens, Plaintiff has initiated another action in Florida court challenging the validity of real estate transfers previously made by Defendant Wu involving the same properties identified in the lis pendens.

2

they shown that the injunction has subjected them to some new or unforeseen hardship. More importantly, they have not clearly explained how lifting the current freeze on their real estate assets would prevent Plaintiff from maintaining its lis pendens in Florida. After all, Defendants' central argument here is that the properties subject to the lis pendens fall outside the scope of this Court's injunction. If Defendants wish to challenge Plaintiff's lis pendens, the proper forum to do so is the court in which it was filed.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss (Docket No. 40) and DENIES Defendants' motion to modify the preliminary injunction (Docket No. 84).

IT IS SO ORDERED.

Dated: October 30, 2012

CLAUDIA WILKEN
United States District Judge