IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBIQUITI NETWORKS, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>KOZUMI USA CORP., et al.,<br><br>            Defendants. | Case No.: 12-cv-2582 CW (JSC)<br><br>**ORDER RE: JOINT STATEMENT REGARDING PROTECTIVE ORDER (Dkt. No. 100)** |

Pending before the Court is the parties' Joint Statement Regarding Protective Order (Dkt. No. 100) wherein Plaintiff seeks modification of the Stipulated Protective Order (Dkt. No. 89). Plaintiff requests that the Protective Order be modified to 1) allow in-house counsel access to all items designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") under the protective agreement, and 2) eliminate the "prosecution bar" language. Having carefully considered the parties filing, the Court finds the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and hereby DENIES Plaintiff's request without prejudice.

**DISCUSSION**

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1). The Court may "issue an order to protect a . . . person from . . . undue burden," including "forbidding the disclosure or discovery," "specifying the terms, including time and place, for the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of showing good cause justifying issuance of the order.

In *Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1470 (9th Cir. 1992), the Ninth Circuit set forth a balancing test for motions to modify a protective order. Courts should weigh 1) the risk of "inadvertent disclosure" of the confidential information against 2) the risk that protection of the confidential information might impair the other party's ability to prosecute its claims. *Id*. In *Brown Bag*, the court denied the motion to modify the protective order because Plaintiff failed to "demonstrate how the protective order actually could have or did prejudice its case." *Id*. at 1472.

Here, Plaintiff's request to modify the AEO portion of the protective order is both substantive and procedural; that is, Plaintiff contends that as a substantive matter in-house counsel should be permitted access to confidential information because the parties here are not competitors and in-house counsel is not involved in "competitive decisionmaking" relying on *U.S. Steel Corp., v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). As a procedural matter, Plaintiff challenges the scope of Defendants' AEO designation.

Addressing the procedural issue first, Plaintiff contends that Defendants have abused the protective order by designating nearly all the documents produced as AEO. To the extent that this is true, the Protective Order provides a means for a party to challenge designation of

2

documents as confidential. (Dkt. No. 89 at ¶ 6 (requiring the designating party to bring a motion to retain confidentiality of challenged material if the parties are unable to resolve a dispute following meet and confer).) Accordingly, if Plaintiff contends that the documents identified in the joint letter brief, and any others, were improperly designated as AEO, Plaintiff should utilize the mechanism provided for in the Protective Order to challenge the designations, a mechanism that requires the designating party to prove that the documents are highly confidential. Given that the purportedly "highly confidential" documents include emails sent to third parties with no apparent obligation to keep them confidential, and the sheer number of documents designated as highly confidential, it appears likely that Defendants have overused the AEO designation.

With respect to Plaintiff's substantive challenge, the Court finds that a blanket modification of the protective order to allow access to all AEO materials is not appropriate. The Declaration of Jessica Zhou, General Counsel for Plaintiff, (Dkt. No. 94) states that she needs "to see all of the information that defendants produce in this ligation . . . in order to assess the strengths and weaknesses in our case and evaluate the desirability of settlement. This information will also help me direct the course of the litigation." (Dkt. No. 94 ¶ 5.) While this may provide a basis for Ms. Zhou to view *some* of Defendants' confidential information, it does not provide a basis for Ms. Zhou to have access to source code or other technical confidential information. Under the second prong of the balancing test set forth in *Brown Bag*, the Court looks to potential prejudice to the moving party of being denied this information. Plaintiff has not shown why in-house counsel needs access to highly confidential technical information to evaluate settlement or manage the litigation. Plaintiff's generalized assertion that all in-house counsel need copies of all AEO materials fails to provide the Court with all of the information it needs to "factually [examine] all the risks and safeguards surrounding inadvertent disclosure by any counsel, whether in-house or retained… [and] the nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures." *Brown Bag Software,* 960 F.2d at 1470. Plaintiff's request to modify the Protective Order is thus denied without prejudice to renewal accompanied by a specific

1 showing regarding which particular AEO material Plaintiff contends in-house counsel needs
2 access to and why.
3     Finally, with respect to Plaintiff's challenge to the "prosecution bar" language in the
4 protective order, the parties are ordered to meet and confer regarding this matter. The parties
5 could agree to a more narrowly tailored version of the prosecution bar which would limit the
6 bar to prosecution of patents against Defendants rather than any patents "relating to wireless
7 networking equipment design or operation." (Dkt. No. 89 ¶ 8.) The threshold inquiry into the
8 propriety of a prosecution bar looks at whether "the information designed to trigger the bar,
9 the scope of activities prohibited by the bar, the duration of the bar and the subject matter
10 covered by the bar reasonably reflect the risk presented by the disclosure of proprietary
11 competitive information." *Applied Signal Tech., Inc. v. Emerging Markets Communications,*
12 *Inc.*, No. 09-02180, 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) (internal citations and
13 quotations omitted). On the present record, the Court lacks sufficient information to evaluate
14 the propriety of the prosecution bar. If the parties are not able to resolve this issue through
15 further meet and confer, Plaintiff may renew its request to modify the prosecution bar portion
16 of the Protective Order.

## CONCLUSION

18     Whether the protective order requires modification, and how and to what extent,
19 depends on what documents are at issue. For example, it may be perfectly appropriate for the
20 protective order as currently written to apply to Defendant's source code as currently
21 designated (AEO). On the other hand, there may be other documents which Plaintiff's in-
22 house counsel desire to review which, in fact, should not be designated AEO at all. Similarly,
23 the prosecution bar may be warranted as to some documents and not as to others, or a
24 different version of the bar may be appropriate, again, depending on the documents at issue.
25 The first step in this analysis is to determine what documents should, in fact, be designated
26 AEO.  When the category of AEO documents is narrowed, the Court can determine whether
27 and which properly-designated AEO documents in-counsel should be allowed to review.
28     This Order disposes of Docket No. 100.

**IT IS SO ORDERED.**

Dated: November 26, 2012

                                            _____
                                            JACQUELINE SCOTT CORLEY
                                            UNITED STATES MAGISTRATE JUDGE