IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBIQUITI NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KOZUMI USA CORP., et al., <br><br> Defendants. | Case No.: 12-cv-2582 CW (JSC) <br><br> **ORDER RE: JOINT STATEMENT REGARDING CONFIDENTIALITY DESIGNATIONS (Dkt. No. 103-1)** |

Pending before the Court is the parties' Joint Statement Regarding Defendants' Confidentiality Designations (Dkt. No. 103-1) wherein Defendants seek a determination from the Court as to whether certain documents have been properly designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. Because there is insufficient information before the Court to establish that the documents at issue are in fact highly confidential, Defendants' request is DENIED.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that upon a showing of "good cause" a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified

way." *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  If the court determines that "particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  *Id*.

      The parties here entered into a Stipulated Protective Order which provides for two levels of protection for confidential documents: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO").  (Dkt. No. 89.)  The primary distinction between the two categories is that AEO material cannot be shared with the party or in-house counsel.  Pursuant to Section 6 of the parties' Stipulated Protective Order, a party may challenge a confidentiality designation "by providing written notice of each designation it is challenging and describing the basis for each."  (Dkt. No. 89 ¶ 6.1.)  The parties are then required to meet and confer regarding the designations, and if they are unable to resolve the dispute through a good faith meet and confer, the designating party shall file a motion to retain the confidentiality of the documents. (*Id*. at ¶¶ 6.2-6.2.)  "The burden of persuasion in any such challenge proceeding shall be on the Designating Party." (*Id*.)

      Plaintiff challenged Defendants' designation of over 1000 documents as AEO. The parties resolved some of challenged designations through meet and confer. For the remainder, Defendants have filed a request seeking to maintain the AEO highly confidential designation of over 500 documents; however, Defendants have only provided the Court with 15 pages from the over 500 documents in dispute.  Although Defendants have characterized the disputed documents as falling within five general categories, the categories are broad and Defendants' conclusory representations fall short of the showing required.  Defendants state that "sales records" which include customer information and pricing are highly confidential (category one), as are "payroll records" (category 2), "detailed sales, shipping and processing documentation" (category three), "third-party documents" in Defendant Wu's possession

which are "typically detailed financial documents of other companies" (category 4), and "other general items not challenged with particularity" (category 5). These conclusory statements are insufficient; Defendants must instead make a showing that disclosure of the documents would put it at a competitive disadvantage. *See, e.g., Jensen Enterprises Inc. v. Oldcastle Precast, Inc*., C 06-247 SI, 2010 WL 3504967, at *2 (N.D. Cal. Sept. 7, 2010) (relying on declarations which "stated that (1) [the designating party] treats its internal emails as confidential, and that disclosure of [the designating party's] internal emails regarding the negotiation, implementation or operation of its agreement … would cause competitive harm … and (2) [the designating party] treats its invoices, which show customer names and prices charged, as confidential, and that disclosure of that information would cause competitive harm" to find that the documents were properly designated as confidential under the stipulated protective order).

Defendants' reliance on *Bauer Bros. LLC v. Nike, Inc*., No. 09-500, 2011 WL 4434543 (S.D. Cal. Sept. 23, 2011), to support their argument that these documents are de facto highly confidential is misplaced. There, the parties sought sealing of "highly confidential" documents including "marketing plans, product schematics, financial information, and internal confidential emails," but the court declined to seal the documents because the parties "failed to satisfy the compelling reasons standard *as to each document* the parties seek to have filed under seal." *Id*. at *2 (internal quotations omitted; emphasis added). Defendants here have similarly failed to meet their burden to show that these documents are entitled to heightened protection. Defendants' complaint that Plaintiff "did not provide a single example of a document that its client needed to see in order to participate in the case or in the mediation process" is also misplaced. The initial question is whether Defendants have met their burden of showing the documents are entitled to AEO protection is the first instance.

Finally, the Court notes that it appears Defendants could not make such a showing with respect to certain documents. In opposing Defendants' request, Plaintiff has included several additional documents which Defendants have also designated as highly confidential. It is hard to fathom how many of these documents can properly be designated highly

1  confidential.  *See, e.g*., McCollum Decl. Exhibits G-L.  There does not appear to be any basis
2  to designate emails which contain links to publicly available videos on YouTube and copies
3  of publicly available advertisements for Ubiquiti products as highly confidential AEO.
4  Similarly, although certainly entitled to protection from public disclosure due to personal
5  privacy concerns, it is not self-evident why such payroll records are entitled to AEO
6  protection (as opposed to the general confidentiality protection available under the Stipulated
7  Protective Order).  The same is true for the third-party financial .

8        Accordingly, Defendants' request for an order upholding the AEO confidentiality
9  designations of these 500 or so documents is denied.  This denial is without prejudice to
10  Defendants re-filing their request to maintain the AEO designation in accordance with this
11  Order by January 4, 2013.  Any such request shall specifically address each document or
12  narrow category of documents and make a showing of good cause for each.  The request
13  should be supported by appropriate declarations regarding the competitive disadvantage that
14  would ensue from disclosure of this information and the efforts Defendants have made to
15  maintain the documents' confidentiality outside this litigation.  Defendants' request must
16  comply with the Court's Standing Order and be filed as a Joint Statement, but is not subject to
17  the 8-page limit.[1]  If Defendants fail to renew their request by January 4, 2013, the AEO
18  confidentiality designation shall be deemed waived pursuant to the Stipulated Protective
19  Order.  (Dkt. No. 89 ¶ 6.3.)
20  //
21  //
22  //
23  //

---

[1] The parties are reminded that pursuant to the Court's Standing Order all chambers copies should be three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels. If the filing includes exhibits over two-inches thick, the parties shall place the chambers copy in a binder. If the parties seek sealing of a portion of the filing, the chambers copy shall include the entire filing assembled as one document without separating out those portions the parties seek to seal.

This Order disposes of Docket No. 103-1.

**IT IS SO ORDERED.**

Dated: December 13, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE