1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UBIQUITI NETWORKS, INC.,

              Plaintiff,

        v.

KOZUMI USA CORP., et al.,

              Defendants.

Case No.: 12-cv-2582 CW (JSC)

**ORDER RE: JOINT STATEMENT
REGARDING INTERPRETATION OF
PROTECTIVE ORDER (Dkt. No. 121)**

        Pending before the Court is the parties' Joint Statement Regarding Interpretation of the Protective Order (Dkt. No. 121).  The parties seek guidance from the Court regarding the procedures under the Protective Order for challenging the designation of documents as confidential.  In addition, both parties claim waiver under the Protective Order.  The Court addresses the parties' issues below and orders the parties to be prepared to meet and confer regarding this dispute following the hearing on Plaintiff's Motion for Sanctions scheduled for February 28, 2013 at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.

United States District Court
Northern District of California

**DISCUSSION**

The parties here entered into a Stipulated Protective Order (Dkt. No. 89) based on the Northern District's Model Stipulated Protective Order for Standard Litigation which allows either party to designate material as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO").  Section 6 of the Stipulated Protective Order sets forth a procedure for challenging confidentiality designations should a party disagree with the other sides confidentiality designations; first, informally through meet and confer, and then, if that is unsuccessful, through judicial intervention.  The parties have had considerable disagreement regarding confidentiality designations and the Court has previously considered challenges to Defendant's designation of material as AEO.  (Dkt. Nos. 101, 110.)  The parties' current dispute places form over substance which the Court looks on with disfavor.

On December 12, 2012, Plaintiff sent Defendants a short letter (one and a half pages with a 50 page attachment listing a series of bate-stamp numbers) challenging Defendants' AEO designation of over 1700 documents.  (Dkt. No. 121-4.)  The letter stated that the documents were "inappropriately and indiscriminately designated as AEO" and requested that Defendants re-designate the documents identified in the attachment "[p]ursuant to section 6 of the Protective Order."  (*Id*. at 2.)  The letter contended that the documents were not confidential because they related to non-parties and concluded by requesting that Defendants "identify the specific documents by Bates number and the specific reasons for the designation so that we can take that information into consideration during the meet and confer process."  (*Id*. at 3.)  On December 20, 2012, Defendants responded by withdrawing the designation as to over 500 documents, re-designating approximately 500 as CONFIDENTIAL rather than AEO, and maintaining the AEO designation of another 10 documents. (Dkt. No.121-5.)  On December 21, 2012, Defendants sent a letter as to the remaining documents withdrawing the designation as to another 144, re-designating approximately 500 as CONFIDENTIAL rather than AEO, and maintaining the AEO designation of another 45 documents.  (Dkt. No. 121-6.)  On December 27, 2012, Plaintiff sent a letter to Defendants objecting to the designations and proposing a meet and confer.  (Dkt. No. 121-7.)  The parties telephonically met and conferred

United States District Court
Northern District of California

1   on the morning of December 31, 2012.  (Dkt. No. 121-1 ¶ 8-9.)  Counsel for Defendants,

2   Robert Harkins, who participated in the call represents that he "thought the issues were

3   entirely resolved at the end of the call." (*Id.* ¶ 9.)  At 4:35 pm that same day (New Year's

4   Eve) Plaintiff sent an email stating that they could not agree to the confidentiality

5   designations and stating that "if you intend to file a motion to retain the confidentiality of

6   these documents by the Wednesday deadline, please provide us with your insert to the

7   statement by noon tomorrow."  (Dkt. No. 121-3, p. 6.)  Defense counsel apparently did not

8   receive this email until January 2, 2013 as he was out of the office on vacation (a vacation he

9   represents he told Plaintiff's counsel about during their December 31 call).  (*Id.* at p. 5.)   In

10  Defense counsel's email he states: "we cannot tell if Ubiquiti is continuing to challenge the

11  highly confidential designation, or is now challenging the merely confidential documents."

12  (*Id.*)  The parties then exchanged several emails back-and-forth culminating in Plaintiff

13  emailing that its position was that Defendants had waived the confidentiality of any of the

14  documents identified in the December 12 letter by failing to file a brief with the Court seeking

15  to retain the confidentiality of the documents and Defendants contending that Plaintiff had

16  waived any challenge to the confidentiality of the documents by failing to initiate a meet and

17  confer within two weeks of the December 12 letter challenging the confidentiality

18  designations.

19          The confidentiality designation challenge process set forth in Section 6 of the

20  Stipulated Protective Order is meant to provide a mechanism whereby the parties meet and

21  confer to resolve disputes over confidentiality designations and seek court intervention if

22  necessary.  It is not meant as a mechanism whereby a party waives the confidentiality

23  designation of documents by engaging in the meet and confer process.  Here, the parties'

24  correspondence reflects an effort to meet and confer to resolve the disputes over

25  confidentiality designations.  Defendants appear to have believed this process was ongoing

26  such that it would not have made sense to move to retain the confidentiality of documents if

27  the parties were attempting to work it out—notably, Defense counsel repeatedly requested

28  clarification regarding the scope of Plaintiff's objections.  The speed and timing of the meet

1    and confer process was understandably complicated by the holidays.  As such, Plaintiff's

2    waiver argument is not well taken as it places the form (the specific dates set forth in the

3    agreement) over the substance (a mechanism by which the parties attempt to resolve

4    confidentiality designations).

5         Defendants are not without responsibility having designated large swathes of

6    documents as AEO in the first instance and then as confidential; however, Defendants did de-

7    designate and redesignate numerous documents.  Rather than going back and reviewing the

8    re-designations, Plaintiff responded with a broad objection to the designation of any

9    documents as confidential or AEO.  However, parties routinely designate documents

10   exchanged in discovery as confidential and doing so does not prevent counsel from showing

11   those documents to their client or in-house counsel.  Accordingly, Plaintiff's unilateral

12   objection is both unreasonable and not in compliance with Section 6 of the Stipulated

13   Protective Order which requires a party to describe the basis for "each challenge."

14        The process set forth in Section 6 of the Stipulated Protective Order is meant to ensure

15   that the parties meet and confer in good faith prior to bringing a dispute to the Court.  The

16   record here suggests that the parties have not adequately met and conferred and that any

17   dispute over the designation of documents is premature.  The Court finds that there has been

18   no waiver of confidentiality with respect to the documents identified in the December 12

19   letter nor has there been a waiver of Plaintiff's right to challenge confidentiality designations

20   with particularity.

21        To the extent that the parties continue to have a dispute regarding the confidentiality of

22   documents designated as confidential or AEO, then following the hearing on Plaintiff's

23   Motion for Sanctions on February 28, 2013 the parties will be escorted to the Court's jury

24   room to meet and confer in person.  During this meet and confer, the parties shall review each

25   document over which there is a dispute.  If the parties are unable to resolve the dispute(s)

26   during the meet and confer, the parties may file a joint letter brief on or before March 14,

27   2013 whereby they set forth the dispute as to each document or category of documents

28   attaching the disputed documents.

United States District Court
Northern District of California

4

1    This Order disposes of Docket No. 121.

2    **IT IS SO ORDERED.**

3

4 Dated: February 25, 2013

5                                                    _____
                                                     JACQUELINE SCOTT CORLEY
6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California