IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBIQUITI NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KOZUMI USA CORP., et al.,<br><br>Defendants. | Case No.: 12-cv-2582 CW (JSC)<br><br>**ORDER RE: JOINT STATEMENT REGARDING CONFIDENTIALITY DESIGNATIONS (Dkt. No. 115-1)** |

Pending before the Court is the parties' Joint Statement Regarding Confidentiality Designations. (Dkt. No. 115-1). The Court's December 13, 2012 Order denied Defendants' request for a determination that it had properly designated certain documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") because there was insufficient information regarding the specific documents. Defendants renew their request for a determination regarding the confidentiality of certain documents. The Court finds that the AEO documents are properly designated, but declines to rule on the confidentiality of the other documents as it does not appear that the parties have adequately met and conferred and

there is insufficient information before the Court to rule on the confidentiality of the remaining documents.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that upon a showing of "good cause" a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). If the court determines that "particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id*.

The parties here entered into a Stipulated Protective Order (Dkt. No. 89) based on the Northern District's Model Stipulated Protective Order for Standard Litigation which allows either party to designate material as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

### 1. Documents Designated as AEO

There are two documents at issue in this category, although the parties appear to have reached an agreement with respect to one of them. The parties appear to agree that document KOZ-008985 is subject to an AEO designation in its unredacted form, but that if Plaintiff redacted the password information, the document could be treated as non-confidential.

The second document, WU-39370-WU39375, is a set of personal emails between William Wu and his brother concerning Mr. Wu's divorce. Defendants contend that these documents are entitled to an AEO designation because of their highly confidential personal nature. The Court has reviewed the emails and finds that they are of the utmost personal nature and the Court cannot discern any need for Plaintiff to share these emails with their client nor other parties. Nor does Plaintiff advance such an explanation; instead, Plaintiff

1 contends that Defendants have not shown that the documents would put Defendants at a
2 competitive disadvantage and that the documents do not meet the AEO standard in the
3 Protective Order; that is, documents that the "disclosure of which to another Party or Non-
4 Party would create a substantial risk of serious harm that could not be avoided by less
5 restrictive means." (Dkt. No. 87, ¶ 2.7.)  The Court disagrees as to the later— exposure of this
6 highly personal information could cause serious personal harm to Mr. Wu and his family,
7 which is unwarranted given that the majority of matters discussed therein do not relate to the
8 issues in this litigation.  If Plaintiff has a good faith belief that these emails contain
9 information which it needs to share with its client or in house counsel in order to litigate this
10 case, it may file a supplemental letter brief to this effect.  In the interim, the AEO designation
11 stands.

**2. Documents Designated as Confidential**

Following the Court's December 13, 2012 Order, Defendants de-designated and re-designated numerous documents which they had previously designated as AEO.  Defendants appear to seek a ruling from the Court that the re-designation of these documents as CONFIDENTIAL rather than AEO is proper.  There are two over-arching problems with this request: 1) it does not appear that the parties have met and conferred regarding this matter, and 2) Defendants have provided samples from each category of documents which may not accurately reflect the contents of all documents within a category and thus seek a Court order passing on documents which the Court has not reviewed.

First, as discussed in the Order re: Interpretation of the Protective Order filed today, the parties' meet and confer efforts regarding confidentiality designations have been insufficient.  It appears that Defendants only intended this Joint Statement to address the dispute regarding the two AEO designated documents, but Plaintiff objected to Defendants' re-designation of documents from AEO to CONFIDENTIAL so Defendants decided to include this dispute as well.  However, it appears that Defendants did not advise Plaintiff of this until the day before this joint statement was submitted.  As such, Plaintiff did not review

3

all of the documents at issue and the parties necessarily did not meet and confer regarding these matters.

Second, the Court notes that in many cases Defendants' categories of documents are vague, overbroad, and according to Plaintiff, disingenuous. Defendants' representative samples of documents are similarly unhelpful. The Court does not provide advisory opinions regarding the types of documents which might be entitled to a confidentiality designation. A party must make a motion to retain the confidentiality of a particular document or a *narrow* category of documents and make a showing with respect to each as to why it is entitled to protection based on the specifics of the case and the relevant caselaw.

Accordingly, the parties are ordered to engage in further meet and confer regarding the re-designation of documents as confidential as set forth in the Order re: the Stipulated Protective Order concurrently filed today; the parties shall be prepared to do so following the hearing on February 28, 2013.

In anticipation of this meet and confer, the Court provides the following guidance with respect to the "categories" of documents identified by Defendant:

**1) Sales Records**

Documents which contain specific pricing, marketing, and customer information are generally considered confidential and thus may be designated as confidential. *See, e.g., RSI Corp. v. Int'l Bus. Machines Corp*., No. 08-CV-3414, 2012 WL 3095439, at *1 (N.D. Cal. July 30, 2012) (upholding a confidentiality designation for customer lists where the designating party represented that it did not publically disclose customer lists or revenue-by-customer information); *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc*., 242 F.R.D. 552, 555 (C.D. Cal. 2007) ("Customer/supplier lists and sales and revenue information qualify as "'confidential commercial information'" entitled to protection under Fed.R.Civ.P. 26(c)(7)). *But see Medtronic Vascular, Inc. v. Abbott Cardiovascular Systems, Inc.*, No. 06-10666, 2007 WL 4169628, at * 2 (N.D. Cal. 2007) ("Plaintiff's general assertion that disclosure of business communications would chill business relations is not a sufficient allegation of

specific harm. This general blanket argument would apply to all non-public communications.").

### 2) Payment and pension information about employees

Employee payment and pension records in a non-employment case are generally the type of information that could properly be designated as confidential.

### 3) Product development documents

While the Court agrees that product development information might be subject to a confidentiality designation, the document submitted at WU-18772-WU18773 seems to relate to a product order rather than product development, which does not appear to be information that would generally be properly designated as confidential.

### 4) Communications between Defendants and MicroTik

If Defendants can produce a confidentiality agreement or admissible evidence confirming the expectation of confidentiality between Defendants and MicroTik, then communications between the two would likely be properly designated as confidential.

### 5) Documents regarding other companies Mr. Wu owns or manages

This category of documents is so vague as to be nearly meaningless and the document submitted as an example, WU-0196373-WU196374, is an invoice between Kozumi and another company. The Court fails to see how this document reveals the confidential interactions or internal workings of the third-party. The document may contain confidential pricing information, but Defendants have not raised this argument.

### 6) Third-party financial documents

This category of documents is similarly vague and overbroad and the "representative sample" documents of "third party financials [ ]certified and filed with the government" and "corporate meeting minutes and other documents" are not in English and no translation was provided.

### 7) Documents with bank account information

The Court agrees that personal bank account information is generally viewed as confidential.

**8) Internal Kozumi operations communications**

This category is also overbroad.  While some internal communications such as those discussed above might properly be designated as confidential, Plaintiff has submitted documents which it contends fit within this category that do not appear to be confidential.

**9) Confidential internal business operations communication with Helen Chui**

It is improper to blanket designate all communications from a particular individual as confidential.

**10) Communications re: confidential business negotiations**

This category is hopelessly vague and the representative sample documents are not in English and no translation was provided.

The Court notes that the foregoing is offered as guidance and not a finding regarding the confidentiality of any particular document; however, Defendants should review their confidentiality designations with the foregoing parameters in mind.  For those documents over which Defendants continue to assert a confidentiality designation, they shall come prepared to meet and confer with Plaintiff and explain the basis for the confidentiality designation as to each and every document.  If a dispute remains as to a particular document, the parties may file a joint letter brief in accordance with the procedures described herein.

This Order disposes of Docket No. 115-1.

**IT IS SO ORDERED.**

Dated: February 25, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE