IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBIQUITI NETWORKS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KOZUMI USA CORP., et al.,<br><br>　　　　　Defendants. | Case No.: 12-cv-2582 CW (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS (Dkt. No. 120)** |

Pending before the Court is Plaintiff's Motion for Sanctions based on Defendants' over designation of documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL." (Dkt. No. 120). Having carefully considered the parties' written submissions and evidence, and with the benefit of oral argument on February 28, 2013, the Court DENIES Plaintiff's motion for sanctions.

## BACKGROUND

Ubiquiti is a publicly held company which designs, develops, and sells various kinds of wireless communications devices, including receivers, transmitters, routers, and antennas. (Dkt. No. 1 ¶ 1.) It generally contracts with third-party distributors and resellers to market

and sell its products around the world. (*Id.* ¶¶ 23-24.) In May 2008, Ubiquiti entered into a Distribution Agreement with Defendants Wu and Kozumi. (Dkt No. 91 ¶ 7.) Wu is the sole shareholder and officer of Kozumi. (*Id.* ¶ 4.) In November 2009, Ubiquiti terminated the Distribution Agreement. (Dkt. No. 1 ¶ 53.)

Ubiquiti subsequently filed the underlying lawsuit against Kozumi and Wu for trademark infringement, counterfeiting, computer fraud, copyright infringement, unfair competition, false advertising, and libel. (Dkt. No. 1.) The suit alleges that Kozumi and Wu contracted a foreign manufacturer to produce counterfeit Ubiquiti products and then sold these counterfeit products in Latin America under Ubiquiti's trademarks. (*Id.* ¶¶ 100-96.) Defendant Kozumi counterclaimed for breach of contract, breach of the covenant of good faith and fair dealing, restraint in trade under California and federal law, intentional interference with prospective economic advantage, and violation of California Business and Professions Code § 17200, and Defendant Wu counterclaimed for defamation and libel. (Dkt. No. 91 ¶¶ 6-53.) On January 29, 2013, the Honorable Claudia Wilken denied Plaintiff's motion to dismiss the breach of contract claim, but granted the motion to dismiss as to the other claims granting leave to amend Defendants' claims for breach of the covenant of good faith and fair dealing, intentional interference with prospective economic advantage, violation of California Business and Professions Code § 17200, and defamation and libel.

Discovery in this case has been ongoing since October 2012 and has been fraught with issues since the beginning. Although the parties entered into a Stipulated Protective Order (Dkt. No. 87) based on the Northern District's model Stipulated Protective Order, there have been numerous issues with designation of documents under the Stipulated Protective order. The Stipulated Protective Order allows either side to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"). Plaintiff contends that Defendants confidentiality designations violate the Stipulated Protective Order's prohibition on "mass, indiscriminate, or routinized" confidentiality designations and seek sanctions. (Dkt. No. 87 ¶ 5.1.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37(c)(2) provides for sanctions based on a party's failure to comply with their obligations under Federal Rule of Civil Procedure 26. In addition, district courts may impose sanctions as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). Indeed, district courts can impose sanctions for a "full range of litigation abuses." *Id.* at 55.

In considering the priority of sanctions for violation of a protective order, the Ninth Circuit has held that this falls within a district court's inherent power to sanction for "willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink v. Gomez*, 239 F.3d 989, 989 (9th Cir. 2001) (internal citation omitted). "[A] willful violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (internal quotation and citation omitted). "A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions." *Id.*

**DISCUSSION**

Plaintiff contends that Defendants designated nearly their entire production of documents as AEO, although this form of protection is only available for "extremely sensitive" confidential material the disclosure of which creates a substantial risk of harm to the designating party. Plaintiff argues that these mass, indiscriminate and routinized confidentiality designations violate the Stipulated Protective Order. Plaintiff argues that this amounts to a willful violation which should be sanctioned. Defendants do not dispute that they designated thousands of pages of documents as AEO; instead, they contend that the designations were proper because of Ubiquiti and Kozumi's status as competitors. Defendants also argue that upon receipt of Plaintiff's challenge to their AEO designations

they promptly reviewed the documents and de-designated the documents as confidential or non-confidential. Plaintiff characterizes Defendants' efforts in this regard as too little too late.

The Court has considered numerous challenges to Defendants' confidentiality designations under the Stipulated Protective Order. (Dkt. Nos. 101, 110, 125 & 126.) The Court will not reiterate the substance of those Orders here. For purposes of this motion it is helpful, however, to review the specifics of the productions and re-designations.

In October 2012, Defendants served their initial document production which included "thousands of pages of documents with no confidentiality designation, which constituted most of the production." (Dkt. No. 123-1 ¶ 3; *see also* Dkt. No. 12-1 ¶ 3 (noting that 925 of the 3,439 pages were produced with an AEO designation).) Defendants' second production consisted of 24,676 pages all of which was designated as AEO. (Dkt. No. 120-1 ¶ 4.) In November 2012, Defendants produced over 3,000 pages of documents all of which were designated as AEO. (*Id.* at ¶¶ 5-10.) Plaintiff challenged these designations and the parties filed a joint discovery letter brief whereby Plaintiff sought modification of the Stipulated Protective Order to allow in-house counsel access to documents designated as AEO. (Dkt. No. 100.) The Court found that such a modification was unnecessary at that time because "it appears likely that Defendants have overused the AEO designation." (Dkt. No. 101, p. 3.) Defendants thereafter de-designated 220 documents and re-designated another 518 documents as Confidential. The parties filed another joint discovery letter brief wherein Defendants sought a determination that at least 500 documents (not submitted to the Court) were properly designated as AEO. (Dkt. No. 103.) The Court denied the request without prejudice to refiling and providing specific information as to each document at issue. (Dkt. No. 110.) Defendants subsequently agreed to review their designations again and have since removed the AEO designation from 95 percent of the documents, although many of these documents were re-designated as Confidential.

As the Court has noted in prior Orders regarding designations under the Stipulated Protective Order, both parties' conduct in this matter has been problematic. Defendants have certainly overused and abused the confidentiality designations available under the Stipulated

4

Protective Order. The AEO designation under the Stipulated Protective should be used sparingly to protect only that matter which is genuinely "extremely sensitive" such that disclosure would subject the party to a substantial risk of harm. However, when Plaintiff raised a challenge to Defendants' designations, Defendants (with encouragement from the Court), de-designated and re-designated documents as non-confidential or Confidential. Throughout this process and certainly following Defendants' de-designations, the parties meet and confer efforts have been lacking. This was discussed at length in the Court's Orders of February 25, 2013. (Dkt. Nos. 125 & 126.) Rather than attempting to work together in good faith to resolve issues, Plaintiff has prematurely terminated the meet and confer and insisted on Court intervention. While the Court is mindful of the frustrations often incumbent in the discovery process, the Court also believes that these issues are best resolved by the parties sitting down and meeting with each other face to face rather than immediately seeking or demanding that the other party seek judicial intervention.

Accordingly, the Court in its discretion declines to award sanctions at this time. While Defendants overused the AEO designation, this is a case between competitors and Defendants had concerns regarding sharing its internal confidential documents with in-house counsel. Further, Defendants did de-designate and re-designate numerous documents as non-confidential or Confidential; this should have happened without prompting from Plaintiff or the Court, but it did happen and the Court does not find that Plaintiff has been prejudiced by virtue of any delay. However, there remain disputes between the parties regarding the now large volume of documents that Defendants have designated or re-designated as Confidential under the Stipulated Protective Order.[1] The Court has ordered the parties to meet and confer

---

[1] For those documents Defendants have agreed or been ordered to de-designate or re-designate, Defendants agreed at the February 28 hearing to reproduce all the documents with the revised confidentiality designations (or lack thereof) by the close of business Tuesday, March 5, 2013.

5

further regarding this dispute; because counsel for both parties are local, any such meet and confer shall take place in person.[2]

## CONCLUSION

Based on the foregoing, the Court in its discretion DENIES Plaintiff's Motion for Sanctions (Dkt. No. 120.)

Plaintiff's Administrative Motion to Seal Exhibit I to the Declaration of Jennifer Lee Taylor is GRANTED.  (Dkt. No. 119.)

Defendants' Motion for Leave to File a Surreply is GRANTED.  (Dkt. No. 129.)

This Order disposes of Docket No. 120.

**IT IS SO ORDERED.**

Dated: February 28, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent there are future disputes regarding the designation of particular documents, the documents may be submitted to the Court electronically (on a CD or equivalent) rather than in paper form.