United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

UBIQUITI NETWORKS, INC.,

13

Plaintiff,

14

v.

15

16

KOZUMI USA CORP., et al.,

17

Defendants.

18

Case No.: 12-cv-2582 CW (JSC)

**ORDER RE: JOINT STATEMENT REGARDING DANIEL HSU DEPOSITION (Dkt. No. 141-1)**

19
20
21
22
23
24

Now pending before the Court is a Joint Statement regarding a discovery dispute wherein Plaintiff seeks to compel certain discovery regarding non-party Daniel Hsu. (Dkt. No. 141-1.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's request without prejudice to Plaintiff seeking sanctions for spoliation of evidence.

## DISCUSSON

25
26
27
28

Plaintiff seeks an order compelling Defendants to take all reasonable steps to have Daniel Hsu produce documents and appear for a deposition. Daniel Hsu, a resident of Taiwan, is a non-party and the brother of Defendant William Hsu. Plaintiff alleges that

United States District Court
Northern District of California

1    Daniel Hsu worked on Kozumi matters under William Hsu's direction and was involved in

2    the counterfeiting activities that are alleged in this action.

3         Pursuant to Federal Rule of Civil Procedure 34(a)(1), a party must produce items in

4    "the responding party's possession, custody, or control."  Actual possession, custody or

5    control is not required; rather, "control is defined as the legal right to obtain documents upon

6    demand." *United States v. Int'l Union of Petrol. & Indus. Workers, AFL–CIO*, 870 F.2d

7    1450, 1452 (9th Cir. 1989). "Thus, [a] party responding to a Rule 34 production request ... is

8    under an affirmative duty to seek that information reasonably available to [it] from [its]

9    employees, agents, or others subject to [its] control." *Hill v. Eddie Bauer*, 242 F.R.D. 556,

10   560 (C.D.Cal.2007) (internal quotation marks omitted).  "The party seeking the documents

11   bears the burden of demonstrating that the responding party exercises such control." *Doe v.

12   AT & T W. Disability Benefits Program*, No. 11-4603, 2012 WL 1669882, at *2 (N.D. Cal.

13   May 14, 2012) (internal citation omitted).

14        Plaintiff seeks emails from Daniel Hsu's Kozumi email address and his gmail address.

15   Defendants represent that they have produced all of Daniel Hsu's emails from the Kozumi

16   email address.  Plaintiff questions the veracity of this representation given that William Hsu

17   testified that he did not collect emails from Daniel Hsu's Kozumi email account because he

18   did not have access to Daniel's account. (Dkt. No. 141-5, Ex. A, 179:10-14.)  William Hsu

19   testified that instead, Defendants have produced all emails from Defendant William Hsu's

20   email account which they contend basically covers everything because William Hsu

21   instructed Daniel Hsu and other individuals using a Kozumi email address to copy him on all

22   emails about Kozumi orders and shipments. (*Id*. at 179:23-181:6.)

23        Defendants are obligated to produce responsive documents in their custody or control.

24   The key question here is what level of control Defendants have over non-party Daniel Hsu.

25   Defendants contend that Daniel Hsu was not an employee of Kozumi and he was only given

26   a Kozumi email address because William Hsu gave one to everyone who was helping him.

27   According to William Hsu's deposition testimony Daniel Hsu did web design for Kozumi as

28   well as inspections and follow up on orders placed by Kozumi. (Dkt. No. 141-1, Ex. A,

United States District Court
Northern District of California

1   146:8-177:10.)  Defendants also contend that Daniel Hsu was not on Kozumi's payroll and

2   was instead paid by Netcom—a company wholly owned by William Hsu; however, Daniel

3   Hsu's salary is listed on a spreadsheet regarding "Kozumi Monthly Expenses."  (Dkt. No.

4   141-1, Ex. B.)  This evidence suggests, at a minimum, that Daniel Hsu was a consultant for

5   Kozumi.  According to documents in the record Daniel Hsu was continuing to use his

6   Kozumi email address for Kozumi related business after the date on which the document

7   requests at issue were served.  (Dkt. Nos. 141-5, Exs. R & S.)  Thus, at the time the

8   document request was served he was still acting as a consultant.

9           The problem here is that unless William Hsu was copied on the email, Kozumi no

10  longer has a copy because Kozumi's document retention "policy" was only to retain emails

11  from William Hsu's email account on the Kozumi server.  (Dkt. No. 141-3 ¶ 7.)  Although

12  Plaintiff argues that Defendants therefore "failed to preserve evidence," Plaintiff does not

13  actually challenge Kozumi's document retention practice at this time; instead, Plaintiff asks

14  the Court to order Defendants "to take all reasonable steps" to have Daniel Hsu produce

15  documents.  William Hsu responds that he asked Daniel Hsu to produce the documents and

16  appear for deposition, but Daniel has not provided him any documents and has declined to

17  appear for a deposition.  (Dkt. No. 141-3 ¶ 5.)  At bottom, then, Plaintiff wants the Court to

18  order Defendants to obtain documents from Daniel Hsu and force him to appear for

19  deposition. Plaintiff, however, has not cited any authority for the proposition that the Court

20  can order Defendants to do more than it has in the absence of a showing that the emails in

21  Daniel Hsu's possession are within Defendants' legal control.

22          "It is not enough that a party may have a practical ability to obtain the requested

23  documents from an affiliated organization, because the other entity could legally—and

24  without breaching any contract—continue to refuse to turn over such documents." *In re*

25  *Citric Acid Lit.*, 191 F.3d 1090, 1107 (9th Cir.1999) (internal quotations omitted).  In *In*

26  *Micron Technology, Inc. v. Tessera, Inc.*, No. C06-80096, 2006 WL 1646133, at *1 (N.D.

27  Cal. June 14, 2006), the court considered whether party SPIL, which wholly owned non-

28  party SUI, had legal control of documents in the control of SUI for purposes of Federal Rule

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

of Civil Procedure 34. The court concluded that SPIL did not because the two companies were separate legal entities and there was no evidence of any contract between the two companies which would give SPIL the right to demand documents from SUI.  *Id*; *see also United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450 (9th Cir. 1989) (holding that the International Union of Petroleum and Industrial Workers did not have control over the election records of local unions based in part on an examination of the union contract); *In re NCAA Student-Athlete Name & Likeness Litig*., No. 09-CV-01967, 2012 WL 161240, at *2 (N.D. Cal. Jan. 17, 2012) (holding that the NCAA did not have a "legal right to acquire the documents sought from its member institutions").  Here, Plaintiff has not offered any evidence of a contract between Daniel Hsu and William Hsu or Kozumi which would give either Defendant legal control over emails within Daniel Hsu's possession. The evidence of Daniel Hsu's consultant relationship with Kozumi is insufficient absent a showing that either William Hsu or Kozumi could legally compel Daniel Hsu to produce the documents.

Plaintiff's request for emails from Daniel Hsu's gmail address (danhsu24@gmail.com) presents the same issue.  Plaintiff contends that it is entitled to email from this address because Daniel Hsu used this email address to do business for Kozumi.  In support of this contention, Plaintiff has submitted three emails which suggest that Daniel Hsu used his danhsu24@gmail.com email address for Kozumi related communications.  (Dkt. No. 141-5, Exs. G, H & I.)  The Court agrees that these emails suggest that Daniel Hsu used both the Kozumi and gmail addresses for Kozumi related business; however, Plaintiff has not cited any authority for the proposition that it can order Defendants to obtain access to Daniel Hsu's personal gmail account.

Accordingly, the Court finds that Plaintiff has failed to meet its burden of demonstrating that Kozumi has control over the documents sought from these two email accounts. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d at 1452.  "Ordering a party to produce documents that it does not have the legal right to

4

United States District Court
Northern District of California

1  obtain will oftentimes be futile, precisely because the party has no certain way of getting

2  those documents." *In re Citric Acid Litig.*, 191 F.3d 1090, 1108 (9th Cir. 1999).

3       Plaintiff's request that Defendant William Hsu compel Daniel Hsu to appear for a

4  deposition is similarly not supported by any authority and is therefore denied.  The Federal

5  Rules of Civil Procedure and the Hague Convention provide for a mechanism by which a

6  party can obtain a non-party's deposition in another country.  *See Symantec Corp. v. Acronis*,

7  Inc., No. 11-CV-5310, 2013 WL 503612, at *1 (N.D. Cal. Feb. 8, 2013)("If the person

8  sought to be deposed is not an officer, director or managing agent, the person's deposition

9  must be sought by third-party subpoena. And, if the witness is located overseas, "the

10  procedures of the Hague Convention or other applicable treaty must be utilized").  It does not

11  appear that Plaintiff has attempted to obtain his deposition through these mechanisms; the

12  request is therefore premature.

13       The Court's ruling does not mean that Defendants should not be sanctioned for their

14  destruction of relevant documents upon a proper showing.  Sanctions may similarly be

15  appropriate if Plaintiff is legally required to have Daniel Hsu appear for deposition and fails

16  to do so.  *See Acronis*, 2013 WL 503612 at *1.  By the present motion, however, Plaintiff

17  does not seek such sanctions.  Defendants could certainly alleviate the need for a sanctions

18  motion by persuading Daniel Hsu to cooperate as Plaintiff requests, but they have either

19  failed to or chose not to do so.

## CONCLUSION

20

21       Based on the foregoing, Plaintiff's request to compel discovery related to non-party

22  Daniel Hsu is DENIED without prejudice to a motion for sanctions.

23       Plaintiff's Administrative Motion to Seal particular exhibits to the Joint Discovery

24  Dispute is GRANTED.  Plaintiff shall electronically file those exhibits under seal within

25  three days.

26       This Order disposes of Docket No. 141-1.

27

28       **IT IS SO ORDERED.**

1

2   Dated:  April 15, 2013

3                                                        _____
                                                         JACQUELINE SCOTT CORLEY
4                                                        UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6