IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UBIQUITI NETWORKS, INC.,

    Plaintiff,

  v.

KOZUMI USA CORP. and SHAO WEI HSU,

    Defendants.
_____/

No. C 12-2582 CW

ORDER DIRECTING PARTIES TO CLARIFY STIPULATION

On September 27, 2013, the parties filed a stipulation stating that they had "agreed to settle this action." Docket No. 162, Stipulation Re: Dismissal, at 1. Under the terms of that stipulation, Defendant Kozumi USA Corp. agreed to dismiss its sole counterclaim and Plaintiff Ubiquiti Networks, Inc. agreed to dismiss "all of its claims except for its trademark and copyright infringement claims." Id. Shortly after filing the stipulation to dismiss these claims, the parties filed a second stipulation asking the Court to enter judgment and issue a permanent injunction. Docket No. 163, Stipulation Re: Perm. Inj., at 1 (stating that the "settlement agreement resolves the dispute between the parties"). Neither of the two stipulations, however, provides a clear resolution to Plaintiff's trademark and copyright infringement claims.

Accordingly, within two days of this order, the parties shall file a brief joint statement clarifying whether or not Plaintiff still intends to pursue its remaining trademark and copyright claims in this action. If so, the Court will not enter the

parties' proposed judgment or issue their proposed permanent injunction at this time. Federal Rule of Civil Procedure 54(b) provides that a court may only direct entry of a partial judgment if it "expressly determines that there is no just reason for delay." The Court cannot make such a determination here until the parties explain why a partial judgment should be entered before Plaintiff's trademark and copyright claims have been resolved.

IT IS SO ORDERED.

Dated: 10/7/2013

CLAUDIA WILKEN
United States District Judge